UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1204 JGB (SPx)** | Date | October 2, 2025 |
|---|---|---|---|
| Title | *Mark Richard Keck v. Unifirst Corporation, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 13); and (2) VACATING the October 6, 2025 Hearing (IN CHAMBERS)

Before the Court is plaintiff Mark Richard Keck's motion to remand.  ("Motion," Dkt. No. 13.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion and **VACATES** the October 6, 2025 hearing.

## I.  BACKGROUND

On March 26, 2025, plaintiff Mark Richard Keck ("Plaintiff") filed a complaint against defendants Unifirst Corporation ("Unifirst"), Daniel Como ("Como"), and Does 1-20 (Collectively, "Defendants") in the Superior Court of the State of California, County of San Bernadino.  ("Complaint," Dkt. No. 1-2.)  The Complaint alleges six causes of action: (1) failure to pay wages, (2) waiting time penalties, (3) failure to provide accurate itemized wage statements, (4) retaliation, (5) unfair and unlawful business practices, (6) and wrongful termination.  (Id.) (Id.)  Defendants filed an answer on May 15, 2025.  (Dkt. No. 1-5.)

On May 16, 2025, Defendants filed a notice of removal pursuant to diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.)  On June 19, 2025, Plaintiff filed the Motion.  (See Motion.) In support of the Motion, Plaintiff filed the declaration of attorney Gavril T. Gabriel.  ("Gabriel Decl.," Dkt. No. 13-1.)  Defendants opposed the Motion on July 21, 2025.  ("Opposition," Dkt. No. 15.)  In support of the Opposition, Defendants filed the declaration of attorney Sue J. Noh

("Noh Decl.," Dkt. No. 15-1) and Defendant Como. ("Como Decl.," Dkt. No. 15-2.). On July 28, 2025, Plaintiff replied. ("Reply," Dkt. No. 18.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state court to federal court if the district court would have original jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). A defendant may therefore remove civil actions over which the federal courts have original jurisdiction: (1) where a federal question exists or (2) where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

For diversity jurisdiction to be proper, each plaintiff must be a citizen of a different state than each defendant. In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). A corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The presence of any non-diverse party destroys complete diversity and deprives the Court of subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal is proper and must prove the existence of federal jurisdiction by a preponderance of the evidence. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004). Any doubt regarding the propriety of removal must be resolved in favor of remand. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

## II. DISCUSSION

Plaintiff argues that the Court lacks jurisdiction over the action because there is no complete diversity between the parties. (Motion at 1.) Plaintiff further argues that Defendant Como is a citizen of California thereby defeating complete diversity as Plaintiff is also a citizen of California. (Id. at 14-15.) The parties do not dispute that Defendant Unifirst is a citizen of Massachusetts. (Opposition at 2.)

Plaintiff makes two points to prove that Defendant Como is a citizen of California: 1) Plaintiff served Defendant Como at Unifirst's office location in Ontario, CA, and 2) Defendant Como often works from Unifirst's office location in Ontario, CA. (Motion at 15; Gabriel Decl. ¶ 5.) Based on these two arguments, the Court is not persuaded that Defendant Como is a citizen of California.

The burden of establishing diversity of citizenship rests on the party asserting diversity jurisdiction. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986) (citing Resnik v. La Paz Guest Ranch, 289 F.2d 814, 819 (9th Cir.1961)). To establish citizenship for diversity purposes, a party must be a U.S. citizen and be "domiciled" in a state of the United States, which is her "permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Residence, however, is not necessarily a person's domicile for purposes of citizenship. Id. Determining domicile requires analyzing a number of factors including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750. Finally, for purposes of diversity, domicile is determined at the time that "the lawsuit is filed." Id.

Defendants argue that Defendant Como is a citizen of Nevada. (Opposition at 2.) Defendant Como's place of business in the UniFirst Corporation office located in Henderson, Nevada. (Opposition at 3.) He owns his home in Las Vegas, Nevada, is registered to vote in Nevada, holds a Nevada driver's license, registered his automobiles in Nevada, and files taxes based on his Nevada residency. (Id.) Defendants support these assertions with a sworn declaration "under the penalty of perjury" from Defendant Como. (See Como Decl. ¶¶ 3-8.) Critically, Defendant Como asserts that he has been a citizen of Nevada since 2022, prior to the filing of this lawsuit. (Opposition at 3; Como Decl. ¶ 2.) Taken together, the Court finds that Defendant Como's Declaration provides strong evidence that he is a citizen of Nevada. (See Como Decl.) Plaintiff's sole response to Defendants' Opposition is that Defendants provide no "supporting evidence," such as a copy of a driver's license. (Reply at 3.) As a result, Plaintiff argues that the Court must accept Plaintiff's allegation in the complaint that Defendant Como is a resident of California as true. (Id.)

However, none of Plaintiff's allegations, accepted as true, prove that Defendant Como is a citizen of California. Proof of service, Plaintiff's sole piece of evidence, is not a factor in determining domicile. See Lew, 797 F.2d at 750. Plaintiff alleges in the Complaint that Defendant Como is a "resident" of California. (Complaint ¶ 3.) Residence is but one factor in determining domicile. Lew, 797 F.2d at 750. Plaintiff provides no evidence that Defendant Como "often" works at the Ontario office for Unifirst. (Motion at 14-15.) Even if Defendant Como did often work at the Ontario office, this would only be one more factor in favor of domicile. Lew, 797 F.2d at 750. Because Plaintiff's allegations taken as true do not prove that Defendant Como is a citizen of California, the Court finds that Defendants have met their burden of proof in demonstrating that Defendant Como is a citizen of Nevada. Accordingly, the Court **DENIES** Plaintiff's Motion.

//
//
//

### III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.  (Dkt. No. 13.)  The October 6, 2025 hearing is **VACATED**.

**IT IS SO ORDERED.**